The threshold issue is whether federal preemption is a waivable defense. Plaintiff argues that Defendant Union's post-trial allegation of federal preemption was insufficient to preserve the issue for our review. On the other hand, Defendant Union argues that asserting federal preemption in a post-trial JNOV motion is sufficient to preserve the issue for appellate review, because the National Labor Relations Act preempts the state courts of subject matter jurisdiction, the lack of which may never be waived and thus can be asserted at any time. We hold that, under the circumstances of this case, federal preemption is an affirmative defense[1] which not only can be waived, but must be affirmatively pleaded in order to avoid waiver. Thus, Defendant Union's JNOV motion alleging federal preemption was insufficient to preserve that issue for our review.
In so holding, we are not unmindful of contrary holdings of other state courts supporting Defendant Union's position that the National Labor Relations Act preempts a state's subject matter jurisdiction. See, e.g., Consolidated Theatres v.Theatrical Stage Employees' Union, Local 16, 69 Cal.2d 713,73 Cal.Rptr. 213, 447 P.2d 325 (1968); Chicago North WesternRailway Co. v. La Follette, 27 Wis.2d 505, 135 N.W.2d 269
(1965); General Building Contractors' Association v. LocalUnions Nos. 542, 542-A and 542-B, 370 Pa. 73, 87 A.2d 250
(1952).
Each of these courts asserts its holding of federal preemption summarily and without supporting precedent. Once the "subject matter" premise is accepted, the result that the preemption issue may be raised for the first time on appeal and judicially reviewed on its merits is a foregone conclusion. Subject matter jurisdiction can neither be conferred by agreement nor can it be waived. Indeed, it is incumbent upon the court to notice subject matter jurisdiction sua sponte.
It is not the conclusion, given the assumed premise, with which we disagree. Our disagreement consists in what is preempted. It is not the circuit court's subject matter jurisdiction to adjudicate a damage claim for the tort of fraud — even if it arises in the context of a labor-related dispute — that is preempted. Rather, it is the state court's exercise
of that power that is subject to preemption.[2] *Page 1217 
This distinction between federal preemption of subject matter jurisdiction and preemption of the state court's exercise of its authority is more than a mere play on words. It goes to the very nature and character of the power of the state courts to function within the constitutionally created system of federalism, invoking significant public policy considerations. Undisputedly, the Supremacy Clause authorizes the United States Congress, if not otherwise constitutionally proscribed, to legislate in matters in which the states are also empowered to act. The federal legislation (or regulations pursuant thereto) may authorize concurrent jurisdiction (e.g., Federal Employers Liability Act); it may preempt state law (e.g., 12 C.F.R. § 545.8-3 (f) (1982));[3] it may preempt the state court's exercise of its otherwise valid jurisdiction over a particular field of law (e.g., National Labor Relations Act); or it may create a body of law unknown to state law (e.g., Bankruptcy Reform Act of 1978).
To be sure, the Bankruptcy Reform Act is an excellent example of pure subject matter jurisdiction. If a state court "adjudicates" one of its citizens "a bankrupt," such adjudication would be subject to attack as void at any time by any affected party, or by the sua sponte action of another court. The very subject matter of bankruptcy has been preempted by federal law. In like manner, if a state court of limited jurisdiction (e.g., an Alabama district court) convicted an accused of capital murder and sentenced him to die, the conviction and sentence would be void for lack of subject matter jurisdiction.
Central to our holding is the general jurisdiction of the Mobile Circuit Court, Art. VI, § 6.04, Amendment 328, Ala. Const. 1901, and the nature of the claim. This is an ordinary misrepresentation suit filed in a court of general jurisdiction. Clearly, the Mobile Circuit Court has jurisdiction over claims for damages based on allegations of misrepresentation. Code 1975, § 6-5-101, et seq.
We contrast the instant case with a bankruptcy suit filed in a state circuit court or a capital murder case tried in a state district court. In both instances, neither court has subject matter jurisdiction. The state circuit court, although a court of general jurisdiction, has no jurisdiction over the bankruptcy suit because remedies of this nature exist only by virtue of federal law and exclusively in the federal forum. To like effect, the district court is a court of limited jurisdiction and by state law has no power to try capital murder cases. In neither of these examples could subject matter jurisdiction be conferred by agreement, and thus the defense of lack of subject matter jurisdiction could not be waived; therefore, the judgments could be set aside at any time as void, either on direct or on collateral attack, and whether or not the issue of jurisdiction was raised in the trial court.
We turn now to the public policy consideration invoked by Appellant's argument for subject matter jurisdiction and the right to present this issue for appellate review on the merits. Indeed, the instant case is illustrative of these policy considerations, for not until the completion of a trial of several days and an adverse verdict did the Union allege federal preemption. Not only is judicial economy at stake, but it is grossly unfair to the trial judge whose ruling with respect to preemption was never invoked. *Page 1218 
When a party, as "sophisticated" in federal labor law as is the Defendant Union, first alleges federal preemption at the post-trial stage, it is more than mere speculation to assume that it was a deliberate attempt to have "two bites at the same apple" — the two bites being litigation in state court on the merits, and, failing there, a post-judgment attack on grounds of subject matter jurisdiction.
To hold otherwise, under these circumstances, and allow the union to gamble on the result and then belatedly assert the preemption defense is to impugn the integrity of the judicial process. To one who would attempt two such bites at the apple, we are constrained to reply simply, "Not in our orchard."
We have carefully reviewed the Appellant's alternative state law grounds for reversal and find each of them to be without merit.
AFFIRMED.
MADDOX, FAULKNER, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and SHORES, J., concur in the result.
[1] Although federal preemption is not specifically listed in A.R.Civ.P. 8 (c) as an affirmative defense, it quite obviously falls within the nature of those defenses specifically listed. See, also, Powell v. Phenix Federal Sav. Loan Ass'n,434 So.2d 247 (Ala. 1983).
[2] It is important to note that our reference to "subject to preemption" preserves the distinction between the procedural question of when the issue must be raised to invoke appellate review and the resolution of the preemption issue on the merits. The La Follette court, supra, recognized and applied this distinction when it accepted for review the issue raised initially on appeal, but upon review on the merits rejected the preemption issue as a defense.
Likewise, if we were to rule on the merits, we could not find that the state court's jurisdiction is federally preempted. The instant facts fall squarely within the "peripheral concern" exception to federal preemption of state jurisdiction of labor-related disputes. San Diego Building Trades Council v.Garmon, 359 U.S. 236, 243-44, 79 S.Ct. 773, 3 L.Ed.2d 775
(1959). The National Labor Relations Board has already determined that an employer's supervisors are not protected by the Labor Management Relations Act. Thus, in this case, Plaintiff has no remedy before the NLRB, and this dispute, although somewhat labor-related, is, at most, only of "peripheral concern" to the NLRB. See, e.g., Linn v. UnitedPlant Guard Workers Local 114, 383 U.S. 53, 86 S.Ct. 657,15 L.Ed.2d 582 (1966).
[3] While Powell, see n. 1, dealt with federal preemption of state law rather than preemption of subject matter jurisdiction, its holding, requiring that the preemption defense be raised in the trial court, is totally consistent with the instant opinion.