COOK, Justice.
Valley Steel Construction, Inc. (“Valley Steel”) appeals from a judgment entered in favor of the plaintiff Addison Fabricators, Inc. (“Addison”) in an action alleging breach of contract. The case was tried without a jury. We affirm.
Valley Steel entered into a contract with the National Aeronautics and Space Administration to construct a building. One of the main components of this building was a vacuum tube, which Valley Steel subcontracted with Addison to build. Addison presented NASA with plans for the tube, based partially on a vacuum tube it had designed and built for NASA in 1984. NASA, however, made significant changes, which Addison claimed created extra work and would require additional compensation.
The subcontract provided a procedure for making claims for extra work: “Claims for extra work will be allowed only where written authorization has been given prior to execution of such extra work.”
Valley sent a letter telling Addison to proceed with the work and agreeing to pay for the changes. The letter instructed Addison to keep all records pertaining to the required changes, so that Valley could make a claim against NASA for them. Valley then issued a change order authorizing the changes and agreeing to pay Addison $30,127 in exchange. NASA refused Valley Steel’s claim for additional compensation for the changes, and Valley Steel, in turn refused to give Addison the additional compensation agreed to.
Addison sued and got a judgment against Valley Steel for $37,103.50 plus cost. Valley Steel appealed.
Valley Steel argues that the following contract provision supports its position that it was not responsible to Addison for the extra work agreed upon:
“It shall be an express condition precedent to the obligation of the contractor [Valley Steel] to pay the Subcontractor [Addison] that the Owner make payments to the contractor covering the Subcontractor’s portion of the work.... Final payment to the Subcontractor will be made upon receipt [of] final payment from the Owner, it being expressly understood and agreed that receipt by the Contractor of final payments covering the Subcontractor’s portion of the work shall be an express condition precedent to final payment to the Subcontractor by the Contractor.”
Valley Steel claims that it did not owe Addison for the additional work because it was not, in fact, extra work, but rather was work that Addison was already committed to do under the existing contract; Valley Steel says there was no consideration to support the second agreement. It also claims that, because NASA had paid only the original contract price, under the terms of the contract Valley Steel had no duty to pay Addison.
Where evidence is presented to the trial court ore tenus, a presumption of correctness exists as to the court’s findings of fact; its factual determinations will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). After considering testimony from experts in the field of vacuum tubes, the trial court concluded that the work required by NASA was not work that Addison was bound to do under the original contract, *354 but was extra work. Therefore, the court concluded, there was adequate consideration to support the second agreement. Assets Realization Co. v. Ganus, 25 Ala.App. 113, 141 So. 721 (1932); Moore v. Williamson, 213 Ala. 274, 104 So. 645 (1925). The trial judge found that Addison had complied with the terms of the contract by obtaining from Valley Steel written authorization for the extra work.
“[A] contract can be ... modified by subsequent agreement of the parties, [but] no contract can be varied, contradicted, or discharged by an antecedent agreement. Today may control the effect of what happened yesterday, but what happened yesterday cannot change the effect of what happens today.” Hibbett Sporting Goods, Inc. v. Biernbaum, 375 So.2d 431, 435 (Ala.1979). In the change order, Valley Steel expressly agreed to pay Addison for the extra work and did so without requiring that NASA first agree to pay the additional charges, even though Valley Steel was aware that NASA objected to the additional charges. Because of this express agreement, Valley cannot hide behind the condition of payment from NASA to avoid paying Addison.
On appeal, Valley Steel also asserts that the trial court made no final ruling on its counterclaim. The law is settled that, in the absence of an order severing a claim or ordering a separate trial, “[a] judgment will be deemed a final judgment on all issues pleaded and any claims which are not specifically disposed of in the judgment will be deemed to have been rejected or denied.” Poston v. Gaddis, 372 So.2d 1099, 1101 (Ala. 1979). The trial court clearly intended its order granting a judgment for the plaintiff Addison to be a final disposition of the matter and, thus, that the judgment operate as a denial of Valley Steel’s counterclaim.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur.