Karl Wayne McCarthy ("the husband") appeals from a monetary judgment entered by the Houston County Circuit Court ("the Alabama court") in favor of Mary Lisa McCarthy ("the wife") and against the husband for a child-support arrearage.
The parties were divorced by the Superior Court of Gwinnett County, Georgia ("the Georgia court"), on April 28, 1988. Both parties were residents of Georgia at that time. The divorce judgment provided that the husband was to pay $130 per week to the wife as support for their two *Page 1139 
minor children. The wife and children moved to Houston County, Alabama, before the entry of the divorce judgment. On September 11, 1998, the wife filed the divorce judgment in the Alabama court for the purpose of domestication; the wife also filed a petition to modify that judgment, seeking to have the Alabama court increase the husband's child-support payments. Following an ore tenus proceeding, the Alabama court entered a judgment on December 2, 1998, modifying the judgment entered by the Georgia court by increasing the husband's monthly child-support payments to $938.
The husband filed a postjudgment motion on January 4, 1999; under Rule 59.1, Ala.R.Civ.P., that motion was denied by operation of law on April 4, 1999. On February 26, 1999, the wife filed a motion for an order of contempt, alleging that the husband had failed to make child-support payments consistent with the Alabama court's judgment.
On June 29, 1999, the parties entered into a temporary agreement concerning the husband's child-support payments, requesting that the trial court not take any action in the case for 60 days. On July 19, 1999, the wife filed a motion to set aside the parties' agreement, alleging that the husband had failed to abide by the terms of that agreement. The husband filed a motion to stay any action by the Alabama court regarding the parties' agreement until after the 60-day period called for in the agreement; the trial court denied the motion. The wife then filed a motion for a finding of contempt and a motion for a monetary judgment concerning the child-support arrearage she claimed the husband owed. Following an ore tenus proceeding,[1] the Alabama court entered a judgment against the husband in the amount of $6,784 for an arrearage in child-support payments, on October 5, 1999. The husband filed a postjudgment motion, which was denied.
The husband appeals, contending that the Alabama court did not have jurisdiction to modify the Georgia court's judgment or to enter a monetary judgment against him under the Alabama Uniform Interstate Family Support Act ("UIFSA"), § 30-3A-101 et seq., Ala. Code 1975. The wife argues that the agreement entered into by her and the husband satisfies the requirement for written consent under § 30-3A-205(a)(2), Ala. Code 1975.
Section 30-3A-205, Ala. Code 1975, states, in pertinent part:
 "(a) A court of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:
 "(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
 "(2) until all of the parties who are individuals have filed written consents with the court of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.
". . . .
 "(d) A court of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this chapter or a law substantially similar to this chapter."
We further note that UIFSA is to "be applied and construed to effectuate its general purpose to make uniform the law with respect to" child-support judgments among the states enacting it. § 30-3A-901, Ala. Code 1975. *Page 1140 
Georgia has enacted a statute almost identical to the Alabama statute quoted above. Section 19-11-114, Ga. Code Ann., states, in pertinent part:
 "(a) A tribunal in Georgia issuing a support order consistent with the law of Georgia has continuing, exclusive jurisdiction over a child support order:
 "(1) As long as Georgia remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
 "(2) Until all of the parties who are individuals have filed written consents with the tribunal in Georgia for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction."
We note that the husband was a resident of Gwinnett County, Georgia, throughout the proceedings in the Alabama court. See § 30-3A-205(a)(1), Ala. Code 1975, and § 19-11-114(a)(1), Ga. Code Ann. Additionally, neither party ever filed a written consent with the Georgia court for the Alabama court to modify the Georgia court's judgment and for the Alabama court to assume continuing, exclusive jurisdiction over the case. See
§ 30-3A-205(a)(2), Ala. Code 1975, and § 19-11-114(a)(2), Ga. Code Ann. Therefore, the Georgia court maintained continuing, exclusive jurisdiction, which the Alabama court, pursuant to § 30-3A-205(d), was required to recognize.
Accordingly, we conclude that the judgment entered by the Alabama court on October 5, 1999, is void for lack of subject-matter jurisdiction.
The wife also argues that this court should dismiss the husband's appeal. The husband did not appeal the Alabama court's December 2, 1998, judgment purporting to modify the Georgia court's judgment; rather, he has timely appealed from the Alabama court's October 5, 1999, judgment finding an arrearage in his child-support payments that accrued after the Alabama court's December 2, 1998, judgment. The wife argues that the husband should have filed a notice of appeal from the Alabama court's December 2, 1998, judgment purporting to modify the Georgia court's judgment and that that appeal should have been filed by May 17, 1999, 42 days after the husband's January 4, 1999, postjudgment motion was denied by operation of law.
It is implicit in the October 5, 1999, judgment that the Alabama court found the husband to be in contempt for failure to pay the increased child-support payments it had ordered in its December 2, 1998, judgment. However, for a trial court to exercise its contempt power, three conditions must be met: (1) the trial court must have jurisdiction over the underlying legal proceeding; (2) the trial court must have subject-matter jurisdiction over the matter alleged to constitute the contempt; and (3) the trial court must have jurisdiction over the person. Ex parte Segrest, 718 So.2d 1 (Ala. 1998). In this case, the trial court lacked jurisdiction over the wife's petition to modify the Georgia court's judgment, and, thus, under Segrest, could not lawfully exercise its contempt power. While the husband's appeal may represent a collateral attack on the Alabama court's modification judgment, we note that "judgments entered without subject matter jurisdiction can `be set aside at any time as void, either on direct or collateral attack.'" Exparte James, 713 So.2d 869, 878 (Ala. 1997) (quoting InternationalLongshoremen's Ass'n v. Davis, 470 So.2d 1215, 1217 (Ala. 1985), aff'd,476 U.S. 380 (1986)). In light of our holding that the Alabama court lacked subject-matter jurisdiction to modify the Georgia court's judgment, the husband could collaterally attack the Alabama *Page 1141 
court's void judgment in this contempt proceeding, and the wife's argument that the husband's appeal was "untimely filed" must fail.Segrest, supra.
The Alabama court's October 5, 1999, judgment of contempt is reversed, and the cause is remanded with instructions for the trial court to enter an order vacating the December 2, 1998, and October 5, 1999, void judgments.
The appellee's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] The husband was represented by counsel at the hearing, although he was not present.