824 So.2d 720 (2001)
Matt DUNIGAN
v.
SPORTS CHAMPIONS, INC., a/k/a Birmingham Barracudas Football Club, and the Canadian Football League.
1981215.
Supreme Court of Alabama.
December 28, 2001.
Robert E. Cooper and Deborah Alley Smith of Rives & Peterson, P.C., Birmingham, for appellant.
*721 Crawford S. McGivaren, Jr., and Annette L. Kinderman of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for appellee Sports Champions, Inc., a/k/a Birmingham Barracudas Football Club.
Scott A. Powell and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham; and Robert R. Riley, Birmingham, for appellee the Canadian Football League.
JOHNSTONE, Justice.
The matter before us is an effort to invoke the Alabama Arbitration Act, § 6-6-1 through § 6-6-16, Ala.Code 1975, as the vehicle for an appeal of a Canadian arbitration award. For the absence of subject-matter jurisdiction, the appeal must be dismissed.
Matt Dunigan was a professional football player for the Sports Champions, Inc., also known as the Birmingham Barracudas Football Club (hereinafter "the Club"), which was a member of the Canadian Football League (hereinafter "the League"). These three parties, pursuant to contracts between Dunigan and the Club and between the Club and the League, arbitrated a dispute over Dunigan's salary before a Canadian arbitrator, who conducted the arbitration in Canada. The Canadian arbitrator made his award in Canada.
Dunigan, dissatisfied with the award, invoked the Alabama Arbitration Act, and specifically § 6-6-15, Ala.Code 1975, to file an appeal of the arbitrator's award in the Circuit Court of Jefferson County, Alabama. Section 6-6-15 provides:
"Either party may appeal from an award under this article. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the [judgment] of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the [judgment] shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final [judgment] from which an appeal shall lie as in other cases."
Contemporaneously with his filing in the Jefferson County Circuit Court, Dunigan filed a notice of appeal to this Court. An absence of subject-matter jurisdiction, which we are obliged to recognize, in the trial court and consequently in this Court, however, is fatal to this appeal.
None of the parties has invoked the Federal Arbitration Act, 9 U.S.C. § 1 through § 16. Dunigan relies entirely upon the Alabama Arbitration Act. Section 6-6-15 authorizes an appeal to be filed only in "the circuit court where the action is pending or, if no action is pending, then in ... the circuit court of the county where the award is made." Because no action was pending in Alabama and the award was made in Canada, no circuit court in Alabama had jurisdiction to accept Dunigan's appeal of the award or to enter any judgment that would support an appeal to this Court pursuant to the Alabama Arbitration Act. Accordingly, the appeal must be dismissed.
APPEAL DISMISSED.
*722 MOORE, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., concurs specially.
SEE, Justice (concurring specially).
In this case, the situs of the arbitration is clear; therefore, it is not necessary to address the potentially complex questions of what is the situs of an arbitration performed remotely among parties in diverse geographic locations or what effect an agreement by the parties that an arbitration agreement is enforceable in Alabama would have on determining whether an Alabama court has subject-matter jurisdiction over an appeal from such an arbitration.