MBNA America Bank, N.A. ("MBNA"), appeals from a judgment of the Baldwin Circuit Court denying its motion to set aside a judgment confirming an arbitration award in favor of Niketa Bodalia. We reverse and remand because the judgment confirming the arbitration award was void for lack of subject-matter jurisdiction.
This case involves competing arbitration awards purporting to adjudicate claims arising out of Bodalia's use of an MBNA credit card. Bodalia opened a credit-card account with MBNA, and MBNA extended credit to Bodalia. In 2003, the unpaid balance on Bodalia's credit card was approximately $8,500.
Bodalia's credit-card agreement with MBNA contained an arbitration agreement requiring that all disputes between Bodalia and MBNA be resolved by binding arbitration conducted by the National Arbitration Forum ("NAF"). The credit-card agreement provided that MBNA could amend the terms of the agreement at any time. MBNA reserved the right to terminate the cardholder's right to receive credit if the cardholder rejected any proposed amendment.
In April 2003, Bodalia sent a letter to MBNA purporting to amend the credit-card agreement to require that disputes be arbitrated "through an arbitration service of [her] choice only." Bodalia later designated the National Arbitration Council, Inc. ("NAC"), as the arbitration service. As "consideration" for the purported modification of her credit-card agreement, Bodalia enclosed a check in the amount of $10.00. MBNA cashed the check.[1] *Page 937 
In May 2003, Bodalia sent to MBNA a written demand for arbitration and filed a claim for arbitration with NAC. In her demand for arbitration, Bodalia did not dispute any particular charges, but she asserted that MBNA had failed to lend her money as required by the credit-card agreement. According to Bodalia's theory, payments that MBNA made to merchants for goods and services were not advancements of credit, but the creation of new money that had never existed by "a process known in [MBNA's] industry as `origination' or counterfeiting." Thus, Bodalia claims, she did not owe MBNA any money and, in fact, MBNA owed her money that it had allegedly failed to lend her. Although the correctness of the NAC arbitration award is not before us, we note that Bodalia's claim was without legal merit.[2]
On July 11, 2003, NAC issued a purported "arbitration award" in Florida that was apparently based solely on Bodalia's written demand for arbitration and the documents attached thereto. MBNA did not participate in the "arbitration proceeding" or respond to Bodalia's demand for arbitration. NAC's award to Bodalia was the exact amount of Bodalia's claim.[3]
In January 2004, MBNA filed an arbitration claim with NAF, the arbitrator referenced in the credit-card agreement, alleging that Bodalia was delinquent with respect to payment on her credit-card account. MBNA obtained an arbitration award from NAF against Bodalia in the amount of $10,333.14. That award was not satisfied by Bodalia. It does not appear that Bodalia participated in the NAF arbitration, but she does not dispute any of the specific charges and does not claim that she made any payments that were not credited.
In June 2004, MBNA, seeking to take advantage of the summary enforcement mechanism provided by Ala. Code 1975, § 6-6-12, filed in the Baldwin Circuit Court an application to confirm the arbitration award entered in its favor by NAF. On July 20, 2004, the court entered an order confirming the arbitration award as *Page 938 
immediately enforceable as a judgment against Bodalia. On July 29, 2004, Bodalia filed an answer and counterclaim, denying MBNA's allegations and seeking the confirmation, pursuant to § 6-6-12, of her competing "arbitration award" from NAC. On August 4, 2004, the trial court vacated the order confirming MBNA's arbitration award and set the matter for a hearing.
In September 2004, the trial court held a hearing at which it heard arguments and received documents, but it did not hear any oral testimony. After briefing by the parties, the trial court entered a separate written judgment on November 16, 2004, confirming the NAC award in Bodalia's favor.[4] MBNA did not file a postjudgment motion, see Rule 59, Ala. R. Civ. P., and it did not file an appeal within the 42-day appeal period, which expired on December 28, 2005. See Rule 4(a)(1), Ala. R.App. P.; Sanderson Group, Inc. v.Smith, 809 So.2d 823 (Ala.Civ.App. 2001). MBNA's counsel claimed that it did not receive a copy of the order confirming Bodalia's arbitration award until January 2005.[5]
On February 16, 2005, more than 30 days after the expiration of the appeal period, MBNA filed a motion under Rule 77(d), Ala. R. Civ. P., to file an out-of-time appeal. That motion was denied on March 18, 2005. MBNA does not contend that it should have been allowed to pursue its untimely appeal or that the trial court erred in denying its Rule 77(d) motion. See Lawrencev. Alabama State Pers. Ba., 910 So.2d 126, 128
(Ala.Civ.App. 2004) (Rule 77(d) provides the exclusive remedy when a party claims a lack of notice, and Rule 60(b)(6), Ala. R.App. P., cannot be used to extend the time in which to appeal).
On May 13, 2005, MBNA filed a motion under Rule 60(b)(4) and (6), Ala. R. Civ. P., to vacate the November 2004 judgment confirming Bodalia's arbitration award. That motion was denied.
MBNA appeals from the denial of its Rule 60(b) motion, contending (1) that the November 2004 judgment was void because the trial court lacked subject-matter jurisdiction to confirm an arbitration award made in the State of Florida and (2) that the November 2004 judgment should have been set aside because the confirmation of Bodalia's award was obtained by fraud on the court. In response, Bodalia contends (1) that MBNA's appeal from the November 2004 judgment was untimely, (2) that MBNA's fraud argument is untimely because MBNA's motion to vacate was filed more than 4 months after entry of the November 2004 judgment, (3) that her arbitration award was valid, and (4) *Page 939 
that the trial court had subject-matter jurisdiction to confirm her award.
A Rule 60(b) motion to vacate a judgment is not a substitute for an appeal, and we review only the trial court's decision to grant or deny the motion to vacate. We review de novo
an order granting or denying a motion under Rule 60(b)(4).
 "The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. . . . If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or the parties, or if it acted in a manner inconsistent with due process."
Satterfield v. Winston Indus., Inc., 553 So.2d 61, 64
(Ala. 1989).
The dispositive issue in this appeal is whether the Baldwin Circuit Court had subject-matter jurisdiction to confirm NAC's arbitration award to Bodalia. If not, the judgment is void and should be set aside. International Longshoremen's Ass'n v.Davis, 470 So.2d 1215, 1217 (Ala. 1985), aff'd,476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986) (a judgment entered without subject-matter jurisdiction is void and may be set aside at any time, either on direct or collateral attack); and McCarthy v. McCarthy, 785 So.2d 1138, 1140
(Ala.Civ.App. 2000).
Bodalia sought summary enforcement of the NAC arbitration award under the Alabama Arbitration Act ("the AAA"), Ala. Code 1975, §§ 6-6-1 through -15. See generally Moss v.Upchurch, 278 Ala. 615, 179 So.2d 741 (1965).[6] Under that act, provision is made for the summary enforcement of arbitration awards by Ala. Code 1975, § 6-6-12, which provides:
 "If the award is not performed in 10 days after notice and delivery of a copy thereof, the successful party may, if an action is pending, cause the award and the file of papers in the case to be returned to the court in which the action is pending or, if no action is pending, cause the submission and award to be returned to the clerk of the circuit court of the county in which the award is made. Such award has the force and effect of a judgment, upon which execution may issue as in other cases."
(Emphasis added.)
Thus, § 6-6-12 specifies the location for filing a confirmation petition. If no action is pending, the petition shall be filed in the county in which the award was made. SeeDunigan v. Sports Champions, Inc., 824 So.2d 720
(Ala. 2001) (construing the analogous provision of Ala. Code 1975, § 6-6-15,[7] to authorize an appeal of an arbitration award to be filed only in the court where an action was pending or in the county where the award was made). *Page 940 
In her brief to this court, Bodalia concedes that the NAC arbitration award was made in Florida and that the NAC award could not be enforced in the Baldwin Circuit Court if §6-6-12 is taken literally. She argues, however, that § 6-6-12
"would certainly apply to where the person receiving the award is located and not where the award was rendered." Even aside from the fact that Bodalia cites no authority for this argument, we find it unpersuasive. Section 6-6-12 was designed to provide a prevailing party in an arbitration proceeding a summary means for enforcing an arbitration award without the necessity of filing a normal civil action based on the parties' agreement to submit the dispute to arbitration. See Moss, supra.
Our Supreme Court's interpretation of § 6-6-15, an analogous provision concerning appeals from arbitration awards (see note 7 and accompanying text, supra ), is persuasive in discerning the proper operation of § 6-6-12.
In Dunigan, 824 So.2d at 721, our Supreme Court held as follows:
 "None of the parties has invoked the Federal Arbitration Act, 9 U.S.C. § 1 through § 16. Dunigan relies entirely upon the Alabama Arbitration Act. Section 6-6-15 authorizes an appeal to be filed only in `the circuit court where the action is pending or, if no action is pending, then in . . . the circuit court of the county where the award is made.' Because no action was pending in Alabama and the award was made in Canada, no circuit court in Alabama had jurisdiction to accept Dunigan's appeal of the award or to enter any judgment that would support an appeal to this Court pursuant to the Alabama Arbitration Act."
Based on our Supreme Court's holding in Dunigan, and the need to construe §§ 6-6-12 and 6-6-15 in pari materia, and because the NAC award was not made in Alabama, we conclude that, "if no action was pending in Alabama," then no circuit court in Alabama had jurisdiction to accept Bodalia's attempt to invoke the summary enforcement mechanism of §6-6-12. See also Fuerst v. Eichberger, 224 Ala. 31,33, 138 So. 409, 410 (1931) (arbitration awards could be enforced using the AAA's summary enforcement procedures only if the statute had been, substantially complied with; "a court has no authority, merely on motion, to enter up as its judgment, a common-law award, unless by the consent of the parties litigant solemnly given in judicio"); Dudley v. Farris McCurdy, 79 Ala. 187 (1885) (chancellor had no authority to enter a statutory arbitration award as a judgment unless there was substantial compliance with the statute); Moss v.Upchurch, supra (dismissing an appeal of an arbitration award because the requirements of the predecessor of §6-6-15 were not complied with).
We have found no Alabama cases discussing when an "action is pending" for the purposes of § 6-6-12, but cases construing other sections of the AAA suggest that a pending action is one that was pending at the time the matter was referred to arbitration. See Dudley v. Farris *Page 941 McCurdy, supra (construing the predecessor of Ala. Code 1975, § 6-6-2,[8] and noting the procedural distinctions between controversies submitted to arbitration when no dispute is pending and those referred to arbitration by a court order).See also Edmundson v. Wilson, 108 Ala. 118, 120,19 So. 367, 368 (1896) ("the submission [to arbitration] was of matters in dispute, not involved in any pending litigation");Snodgrass v. Armbrester, 90 Ala. 493, 495,7 So. 840, 840 (1890) (certain procedural requirements do not apply when "the reference is of a pending suit, and by an order of the court"); and Opinion of the Clerk No. 33,394 So.2d 954 (Ala. 1981).
We conclude that a "pending action" under § 6-6-12 means an action that was pending between the parties at the time the matter was submitted to arbitration. The action initiated by MBNA in Baldwin County was not pending at the time Bodalia submitted her claim to arbitration with NAC. Consequently, the Baldwin Circuit Court had no jurisdiction to summarily enforce the NAC arbitration award under § 6-6-12. Accordingly, the Baldwin Circuit Court's November 2004 judgment is void and must be set aside.
We reverse the judgment denying MBNA's Rule 60(b) motion and remand the cause for the trial court to enter an order setting aside its judgment of November 16, 2004.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] Because of the posture of this appeal, the validity of the purported amendment to the arbitration agreement is not before us. It appears, however, that the purported "amendment" was not effective to modify the terms of the credit-card agreement.
[2] Bodalia's theory is known in the credit industry as the "vapor money" or "no money lent" theory, and it is commonly used to avoid legitimate debts. See generally The Frances KennyFamily Trust v. World Savings Bank FSB, (No. C04-03734 WHA, January 19, 2005) (N.D.Cal.2005) (not reported in F.Supp.2d) (awarding attorney fees against plaintiffs and their attorneys despite voluntary dismissal of complaints; noting that the "`vapor money' theory has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years."); Alcorn v. Washington Mut. Bank,F.A., 111 S.W.3d 264 (Tex.Ct.App. 2003) ("vapor money" theory is a legally erroneous concept apparently based on the misinterpretation of a publication of the Federal Reserve System); and Demmler v. Bank One N.A., (No. 2:05-CV-322, March 9, 2006) (S.D.Ohio 2006) (not reported in F.Supp.2d) ("no moneylent" dieory was "utterly frivolous and lacks any legal foundation whatsoever").
[3] Because of the posture of this appeal, the merits of the NAC arbitration are not before us. It appears, however, that the NAC proceeding did not comply with the minimum standards of due process. See Casualty Indemnity Exch. v. Yother,439 So.2d 77 (Ala. 1983) (due process requires notice and an opportunity to present evidence). See also Chase ManhattanBank USA, N.A. v. National Arbitration Council, Inc.,
(No. 3:04-CV-1205-J-32HTS, May 27, 2005) (M.D.Fla.2005) (not reported in F.Supp.2d) (finding that NAC had heard 114 arbitration cases involving Chase Manhattan and had decided all 114 cases in favor of the consumer; in every case, the award equaled the total amount demanded plus NAC's $170 fee); AmSouth Bank v.Soltis, (No. E2005-00452-COA-R3-CV, Dec. 29, 2005) (Tenn.Ct.App. 2005) (not reported in S.W.3d) (affirming a summary judgment in favor of the creditor despite the existence of three purported "arbitration awards" issued by NAC in favor of the debtor).
[4] The November 16, 2004, judgment did not expressly address MBNA's application to confirm the NAF arbitration award in MBNA's favor. Under the circumstances of this case, however, we conclude that MBNA's application was denied by implication.Poston v. Gaddis, 372 So.2d 1099, 1101 (Ala. 1979) ("the judgment will be deemed a final judgment on all issues pleaded and any claims which are not specifically disposed of in the judgment will be deemed to have been rejected or denied"); andValley Steel Constr., Inc., v. Addison Fabricators,Inc., 658 So.2d 352 (Ala. 1994).
The record contains a separate written judgment that reflects a filing date of November 16, 2004. The case-action-summary sheet, however, shows an unsigned entry dated November 15, 2004, that reads: "Order (granted Pltf's [MBNA's] Application of Confirm Arbitration Award) cc: all parties." The conflict between the separate written judgment in Bodalia's favor and the entry on the case-action-summary sheet in MBNA's favor is not explained in the record before us.
[5] We note that, even if the clerk failed to give notice of the judgment to MBNA, that failure did not serve to toll the time for filing the appeal. Miller v. Amerada HessCorp., 786 So.2d 1106 (Ala. 2000); and Altmayer v.Stremmel, 891 So.2d 305, 308 (Ala. 2004).
[6] The AAA does not appear to contemplate the circumstances of this case (i.e., a case involving a predispute agreement to arbitrate or the use of arbitrators located outside of Alabama). Alabama statutory law provides that predispute arbitration agreements are not specifically enforceable. See
Ala. Code 1975, § 8-1-41(3). Of course, such agreements generally are now enforceable pursuant to the Federal Arbitration. Act, 9 U.S.C. § 1 et seq., and recent decisions of the United States Supreme Court. See generallyBirmingham News Co. v. Horn, 901 So.2d 27, 44
(Ala. 2004). When the AAA was enacted, arbitration could arise only in the context of a specific dispute, and the arbitrators were typically local individuals known to the parties. MBNA has not, however, argued that the AAA does not apply in this case. Neither party seeks to invoke the Federal Arbitration Act.Compare Dunigan v. Sports Champions, Inc., 824 So.2d 720
(Ala. 2001).
[7] Section 6-6-15 provides:
 "Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the [judgment] of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14 [Ala. Code 1975], the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final [judgment] from which an appeal shall lie as in other cases."
[8] Ala. Code 1975, § 6-6-2, provides:
 "When no action is pending, the parties to any controversy may refer the determination thereof to the decision of arbitrators to be chosen by themselves, and the award made pursuant to the provisions of this division must be entered up as the judgment of the proper court if the award is not performed."