THOMPSON, Presiding Judge.
 

 Juanita Williams Trimble (“the former wife”) appeals from the judgment of the
 
 *447
 
 trial court entered as to her petition for a rule nisi in which she sought reimbursement of certain expenses from William Trimble (“the former husband”). The judgment did not grant all of the relief the former wife had sought. Specifically, the trial court determined that the issue whether the former husband must reimburse the former wife for the college expenses for one of their children was moot because, the court found, those expenses “had been settled by income deduction.” The trial court also determined that the former wife and the former husband each owned a one-half interest in the marital residence and that the former husband owed the former wife approximately $6,000 for his share of maintenance costs on the house. The judgment was silent on the issue whether the former husband owed the former wife for his alleged failure to make all of the mortgage payments on the marital residence for which he was responsible under the original divorce judgment.
 

 Evidence adduced at the hearing on the former wife’s petition for a rule nisi tended to show the following. The parties were divorced in August 1987. The original divorce judgment provided that the former husband was responsible for one-half of the mortgage payments on the marital residence. The former wife testified that, in 1994, the former husband stopped making his portion of the mortgage payments. She said that she had made the entire mortgage payment each month from 1994 to 2007, when the mortgage was satisfied. The former wife calculated that the former husband owed her $30,394.60 for the missed payments.
 

 The former husband worked for the United States Postal Service (“USPS”). From 1994 until his retirement in 2001, income was withheld from his paycheck and paid directly to the former wife to cover both child-support payments and the former husband’s share of the mortgage. In 2001, the former husband said, each of the parties’ children had reached the age of majority, and he contacted the former wife about selling the marital home, but, he said, he did not receive a response from her. The former husband said that he had continued to pay the former wife his share of the mortgage payment out of his retirement pay from 2001 until 2005, when his mother entered a nursing home. He said that he had stopped making the mortgage payments so that he could pay for his mother’s nursing-home care.
 

 The trial court took judicial notice of a June 1994 income-withholding order in the court’s file showing that income was to be withheld from the former husband’s pay and further “showing that $81.59 every two weeks was [to be] paid for the mortgage payment.”
 

 As to the issue of payment of college expenses, the record indicates that, in 1997, one of the parties’ children received a scholarship to attend Tuskegee University (“Tuskegee”). At that time, the former wife filed a petition to modify the terms of the original divorce judgment. The trial court ordered the former husband and the former wife each to pay one-half of the child’s college expenses at Tuskegee that were not covered by the scholarship, including tuition, books, and room and board. The order provided that the former husband was obligated to pay for the enumerated expenses as long as the child was a full-time student maintaining a “C” average.
 

 At the hearing on the instant petition, the former wife testified that, of “the receipts that [she] could still find,” the former husband’s share of the child’s college expenses incurred at Tuskegee was $4,310.30. The child only attended Tuskegee for one year before transferring to the University of Alabama at Birmingham
 
 *448
 
 (“UAB”). The former wife also asserted that the former husband owed $2,411.17 “for the receipts that [she] could still find from UAB.”
 

 The former husband testified that he was not consulted about whether the child should transfer from Tuskegee to UAB. The child did not have a scholarship at UAB. The former husband said that the child became pregnant and left UAB before finishing one semester there.
 

 The child had not been in college for almost ten years at the time of the hearing. According to the former husband, before filing the instant petition in July 2007, the former wife had never raised the issue of outstanding college expenses and had not told him how much he owed for such expenses.
 

 The former wife asserts that the trial court exceeded its discretion by “disregarding] uncontradicted proof’ that established that the former husband had failed to pay the former wife one-half of the mortgage payments as ordered in the divorce judgment. She also asserts that the trial court exceeded its discretion in failing to order the former husband to pay his share of their child’s college expenses.
 

 When a trial court receives ore tenus evidence, its judgment based on that evidence is entitled to a presumption of correctness on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that the judgment is so unsupported by the evidence as to be plainly and palpably wrong.
 
 Scholl v. Parsons,
 
 655 So.2d 1060, 1062 (Ala.Civ.App.1995). This “presumption of correctness is based in part on the trial court’s unique ability to observe the parties and the witnesses and to evaluate their credibility and demeanor.”
 
 Littleton v. Littleton,
 
 741 So.2d 1088, 1085 (Ala.Civ.App.1999). This court is not permitted to reweigh the evidence on appeal and substitute its judgment for that of the trial court.
 
 Somers v. McCoy, 777
 
 So.2d 141, 142 (Ala.Civ.App.2000).
 

 The judgment on the former wife’s petition for a rule nisi states that the former husband and the former wife each owned a one-half interest in the marital residence. The judgment contains no specific finding as to whether the former husband was in arrears on his share of the mortgage payments, but the former wife was not awarded any money for past-due mortgage payments. The law is settled that, in the absence of an order severing a claim or ordering a separate trial, a “judgment will be deemed a final judgment on all issues pleaded and any claims which are not specifically disposed of in the judgment will be deemed to have been rejected or denied.”
 
 Poston v. Gaddis,
 
 372 So.2d 1099, 1101 (Ala.1979);
 
 see also MBNA America Bank, N.A. v. Bodalia,
 
 949 So.2d 935, 938 (Ala.Civ.App.2006); and
 
 Valley Steel Constr., Inc. v. Addison Fabricators, Inc.,
 
 658 So.2d 352 (Ala.1994). In this case, the trial court clearly intended its judgment to be a final disposition of the matter. Under the circumstances of this case, we conclude that the former wife’s request for past-due mortgage payments was denied by implication. The trial court took judicial notice that income was being withheld from the former husband’s paycheck from the USPS for his share of the mortgage, but the former husband retired in 2001. There was no evidence indicating that money had been withheld from the former husband’s retirement income. In fact, the former husband admitted that he did not pay his share of the mortgage from 2005 until 2007, when the house was paid off.
 

 The uncontroverted evidence indicates that the former husband failed to make his share of the mortgage payments
 
 *449
 
 for two years. The original divorce judgment required the former husband to make those payments. The trial court’s failure to award the former wife the money owed for those missed payments or to otherwise order the former husband to reimburse the former wife for those payments is so unsupported by the evidence as to be plainly and palpably wrong. Therefore, the trial court’s judgment is due to be reversed as to this issue, and the cause is remanded to the trial court for the entry of a judgment that determines the amount of past-due mortgage payments the former husband owes the former wife.
 

 As to the payment of college expenses for the child who was a student at Tuskegee, we agree with the former husband that the former wife failed to meet her burden of proof that the former husband owed any money pursuant to the 1997 order requiring the parties to divide expenses for tuition, books, and room and board that was not covered by the child’s scholarship.
 

 In this case, the former wife bore the burden of proving that the former husband owed her $4,310.30 for expenses the child had incurred at Tuskegee, a figure that is based on receipts the former wife “could still find” some ten years after the payments they represented were allegedly made.
 
 See ArvinMeritor, Inc. v. Handley,
 
 12 So.3d 669, 679 (Ala.Civ.App.2007); and
 
 Ex parte McFadden Eng’g, Inc.,
 
 835 So.2d 996 (Ala.2002).
 

 However, the record on appeal does not indicate that those receipts were admitted into evidence. Further, there was no testimony regarding what expenses the receipts memorialized. The 1997 order only obligated the former husband to pay toward expenses for tuition, books, and room and board. Also, there was no evidence presented indicating that, when the alleged expenses were incurred, the child was a full-time student at Tuskegee and maintaining a “C” average — the conditions the trial court required to be met before the former husband was obligated to pay the enumerated expenses. The former wife simply failed to prove that the former husband owed her money pursuant to the 1997 order regarding college expenses.
 

 We note that the reason given by the trial court for refusing the former wife’s request for reimbursement of college expenses was that those expenses, as well as child-support payments, had been settled by income deduction. Because we conclude that the former wife failed to meet her burden of proving that the former husband owed her money for college expenses pursuant to the 1997 order, we need not determine whether those expenses were the subject of income withholding.
 
 See Wilson v. Athens-Limestone Hosp.,
 
 894 So.2d 630, 634 (Ala.2004) (noting that an appellate court “can affirm a trial court’s judgment for any reason, even one not specifically given by the trial court” (citing
 
 Taylor v. Stevenson,
 
 820 So.2d 810, 814 (Ala.2001))).
 

 For the reasons set forth above, that portion of the trial court’s judgment finding that the former wife was not entitled to reimbursement of the child’s college expenses is affirmed. However, to the extent that the judgment failed to order the former husband to reimburse the former wife for his share of the mortgage payments on the marital residence that he admitted he did not make, the judgment is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
 

 The former husband’s request for an attorney fee on appeal is denied.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 
 *450
 
 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.